UNITED STATES BANKRUPTCY COURT, SOUTHERN DISTRICT OF FLORIDA
www.flsb.uscourts.gov
**CHAPTER 13 PLAN (Individual Adjustment of Debts)**

☐ _____ Original Plan

☐ _____ Amended Plan (Indicate 1st, 2nd, etc. Amended, if applicable)

■ 7th _____ Modified Plan (Indicate 1st, 2nd, etc. Modified, if applicable)

DEBTOR: Catherine E. Grieser   JOINT DEBTOR: _____   CASE NO.: 15-16810-PGH

SS#: xxx-xx- 1994   SS#: xxx-xx- _____

## I. NOTICES

**To Debtors:** Plans that do not comply with local rules and judicial rulings may not be confirmable. All plans, amended plans and modified plans shall be served upon all creditors and a certificate of service filed with the Clerk pursuant to Local Rules 2002-1 (C)(5), 3015-1(B)(2), and 3015-2. Debtor(s) must commence plan payments within 30 days of filing the chapter 13 petition or within 30 days of entry of the order converting the case to chapter 13.

**To Creditors:** Your rights may be affected by this plan. You must file a timely proof of claim in order to be paid. Your claim may be reduced, modified or eliminated.

**To All Parties:** The plan contains no nonstandard provisions other than those set out in paragraph VIII. Debtor(s) must check one box on each line listed below in this section to state whether the plan includes any of the following:

| | | |
|---|---|---|
| The valuation of a secured claim, set out in Section III, which may result in a partial payment or no payment at all to the secured creditor | ■ Included | ☐ Not included |
| Avoidance of a judicial lien or nonpossessory, nonpurchase-money security interest, set out in Section III | ☐ Included | ■ Not included |
| Nonstandard provisions, set out in Section VIII | ■ Included | ☐ Not included |

## II. PLAN PAYMENTS, LENGTH OF PLAN AND DEBTOR(S)' ATTORNEY'S FEE

A. **MONTHLY PLAN PAYMENT:** This Plan pays for the benefit of the creditors the amounts listed below, including trustee's fees of 10%, beginning 30 days from the filing/conversion date. In the event the trustee does not retain the full 10%, any unused amount will be paid to unsecured nonpriority creditors pro-rata under the plan:

1. $2,028.34   for months 1 to 32 ;
2. $9,463.32   for months 33 to ___ ;
3. $6,203.93   for months 34 to 60 ;

B. **DEBTOR(S)' ATTORNEY'S FEE:**   ☐ NONE   ☐ PRO BONO

| Total Fees: $12150.00 | Total Paid: $3690.00 | Balance Due: $8460.00 |
|---|---|---|
| Payable $92.50 | /month (Months 1 to 32 ) | |
| Payable $3,053.68 | /month (Months 33 to ___ ) | |
| Payable $90.60 | /month (Months 34 to 60 ) | |

Allowed fees under LR 2016-l(B)(2) are itemized below:
$3500.00 Attorney Fee; $150.00 Costs; $750.00 Strip; $750.00 Strip; $500.00 Modify; $500.00 Modify; $6500.00 Hourly Fees for Depositions, Meetings, Hearings, and negotiations.
Applications for compensation must be filed for all fees over and above the Court's Guidelines for Compensation.

## III. TREATMENT OF SECURED CLAIMS

A. **SECURED CLAIMS:** ☐ NONE

[Retain Liens pursuant to 11 U.S.C. §1325 (a)(5)] Mortgage(s)/Lien on Real or Personal Property:

Debtor(s): Catherine E. Grieser    Case number: 15-16810-PGH

**1. Creditor:** Via Lago Condominium Association, Inc.

Address: c/o Davenport Prof. Prop. Mgmt.
6620 Lake Worth Rd., Ste. F
Lake Worth, FL 33467

Arrearage/ Payoff on Petition Date: $34064.00
Regular Payment (Maintain): $458.20 /month (Months 1 to 32)
Regular Payment (Maintain): $692.91 /month (Months 33 to 60)

Last 4 Digits of Account No.: B-1

Other: Amount paid in months 33 to 60 includes an additional $38.00 per month assessment increase.

☒ Real Property
 ☐ Principal Residence
 ☒ Other Real Property

Check one below for Real Property:
 ☐ Escrow is included in the regular payments
 ☒ The debtor(s) will pay ☒ taxes ☐ insurance directly

Address of Collateral:
700 Lake Street, B-1, Boynton Beach, FL

☐ Personal Property/Vehicle
Description of Collateral:

**2. Creditor:** Via Lago Condominium Association, Inc.

Address: /o Davenport Prof. Prop. Mgmt.
6620 Lake Worth Rd., Ste. F
Lake Worth, FL 33467

Arrearage/ Payoff on Petition Date: $34064.00
Regular Payment (Maintain): $458.20 /month (Months 1 to 32)
Regular Payment (Maintain): $692.91 /month (Months 33 to 60)

Last 4 Digits of Account No.: C-3

Other: Amount paid in months 33 to 60 includes an additional $38.00 per month assessment increase.

☒ Real Property
 ☒ Principal Residence
 ☐ Other Real Property

Check one below for Real Property:
 ☐ Escrow is included in the regular payments
 ☒ The debtor(s) will pay ☒ taxes ☐ insurance directly

Address of Collateral:
700 Lake Street, C-3, Boynton Beach, FL

☐ Personal Property/Vehicle
Description of Collateral:

**3. Creditor:** Via Lago Condominium Association

Address: c/o Davenport Prof. Prop. Mgmt.
6620 Lake Worth Rd., Ste. F
Lake Worth, FL  33467

Arrearage/ Payoff on Petition Date: $5,000.00
Regular Payment (Maintain): $178.57 /month (Months 33 to 60)

Last 4 Digits of Account No.: B-1

Other: The payment is a special assessment levied against each property in the community.

Debtor(s): Catherine E. Grieser     Case number: 15-16810-PGH

☒ Real Property  
☐ Principal Residence  
☒ Other Real Property  

Check one below for Real Property:  
☐ Escrow is included in the regular payments  
☒ The debtor(s) will pay   ☒ taxes   ☐ insurance directly  

Address of Collateral:  
700 Lake Street, B-1, Boynton Beach, FL  

☐ Personal Property/Vehicle  
Description of Collateral:

---

4. Creditor: Via Lago Condominium Association, Inc.  
   Address: c/o Davenport Prof. Prop. Mgmt.  
   6620 Lake Worth Rd., Ste. F  
   Lake Worth, FL 33467  

   Arrearage/ Payoff on Petition Date    $5000.00  
   Regular Payment (Maintain)    $178.57    /month (Months 33 to 60)  

   Last 4 Digits of Account No.:    C-3  

   Other: The payment is a special assessment levied against each property in the community  

☒ Real Property  
☒ Principal Residence  
☐ Other Real Property  

Check one below for Real Property:  
☐ Escrow is included in the regular payments  
☒ The debtor(s) will pay   ☒ taxes   ☐ insurance directly  

Address of Collateral:  
700 Lake Street, C-3, Boynton Beach, FL  

☐ Personal Property/Vehicle  
Description of Collateral:

---

B. **VALUATION OF COLLATERAL:**   ☐ NONE

IF YOU ARE A SECURED CREDITOR LISTED BELOW, THE PLAN SEEKS TO VALUE THE COLLATERAL SECURING YOUR CLAIM IN THE AMOUNT INDICATED. A SEPARATE MOTION WILL ALSO BE SERVED UPON YOU PURSUANT TO BR 7004 AND LR 3015-3.

1. **REAL PROPERTY:**  ☐ NONE

1. Creditor: Via Lago Condominium Association, Inc.  
   Address: c/o Davenport Prof. Prop. Mgmt.  
   6620 Lake Worth Rd., Ste. F  
   Lake Worth, FL 33461  

   Last 4 Digits of Account No.: B-1  

   Real Property  
   ☐ Principal Residence  
   ☒ Other Real Property  

   Address of Collateral:  
   700 Lake Street, B-1, Boynton Beach, FL  

   Value of Collateral:    $275,000.00  
   Amount of Creditor's Lien:    $60,000.00  
   Interest Rate:    5.25%  

   Check one below:  
   ☐ Escrow is included in the monthly mortgage payment listed in this section  
   ☒ The debtor(s) will pay  
   ☒ taxes   ☐ insurance directly  

   **Payment**  
   Total paid in plan:    $65,534.00  
   $433.67    /month (Months 1 to 32)  
   $1,844.87    /month (Months 33 to 60)  

---

LF-31 (rev. 10/3/17)                    Page 3 of 6

Debtor(s): Catherine E. Grieser         Case number: 15-16810-PGH

| 2. Creditor: Via Lago Condominium Association, Inc.<br>Address: c/o Davenport Prof. Prop. Mgmt.<br>6620 Lake Worth Rd., Ste. F<br>Lake Worth, FL 33461<br>Last 4 Digits of Account No.: C-3<br><br>Real Property<br>■ Principal Residence<br>☐ Other Real Property<br>Address of Collateral:<br>700 Lake Street, C-3, Boynton Beach, FL | Value of Collateral: $340,000.00<br>Amount of Creditor's Lien: $60,000.00<br>Interest Rate: 5.25%<br>Check one below:<br>☐ Escrow is included in the monthly mortgage payment listed in this section<br>■ The debtor(s) will pay<br>   ■ taxes   ☐ insurance directly | **Payment**<br>Total paid in plan: $65,534.00<br><br>$433.67 /month (Months 1 to 32)<br>$1,844.87 /month (Months 33 to 60) |

    **2. VEHICLES(S):** ■ NONE

    **3. PERSONAL PROPERTY:** ■ NONE

  **C. LIEN AVOIDANCE** ■ NONE

  **D. SURRENDER OF COLLATERAL:** Secured claims filed by any creditor granted stay relief in this section shall not receive a distribution fom the Chapter 13 Trustee.

    ■ NONE

  **E. DIRECT PAYMENTS:** Secured claims filed by any creditor granted stay relief in this section shall not receive a distribution fom the Chapter 13 Trustee.

    ☐ NONE

    ■ The debtor(s) elect to make payments directly to each secured creditor listed below. The debtor(s) request that upon confirmation of this plan the automatic stay be terminated in rem as to the debtor(s) and in rem and in personam as to any codebtor(s) as to these creditors. Nothing herein is intended to terminate or abrogate the debtor(s)' state law contract rights.

| | Name of Creditor | Last 4 Digits of Account No. | Description of Collateral (Address, Vehicle, etc.) |
|---|---|---|---|
| 1. | Green Tree Servicing<br>332 Minnesota St., Ste. 610<br>St. Paul, MN 55101 | 7287 | 700 Lake Street, C-3, Boynton Beach, FL |
| 2. | Ocwen Loan Servicing<br>12650 Ingenuity Dr.<br>Orlando, FL 32826 | 4560 | 700 Lake Street, C-3, Boynton Beach, FL |
| 3. | Ocwen Loan Servicing<br>12650 Ingenuity Dr.<br>Orlando, FL 32826 | 0500 | 700 Lake Street, B-1, Boynton Beach, FL |

**IV. TREATMENT OF FEES AND PRIORITY CLAIMS** [as defined in 11 U.S.C. §507 and 11 U.S.C. § 1322(a)(4)]

  **A. ADMINISTRATIVE FEES OTHER THAN DEBTORS(S)' ATTORNEY'S FEE:** ■ NONE

  **B. INTERNAL REVENUE SERVICE:** ■ NONE

  **C. DOMESTIC SUPPORT OBLIGATION(S):** ■ NONE

  **D. OTHER:** ■ NONE

**V. TREATMENT OF UNSECURED NONPRIORITY CREDITORS**

    **A.** Pay $66.92 /month (Months 1 to 32)
        Pay $116.64 /month (Months 33 to 60)

    Pro rata dividend will be calculated by the Trustee upon review of filed claims after bar date.

  **B.** ☐ If checked, the Debtor(s) will amend/modify to pay 100% to all allowed unsecured nonpriority claims.

  **C. SEPARATELY CLASSIFIED:** ■ NONE

Debtor(s): Catherine E. Grieser     Case number: 15-16810-PGH

*Debtor(s) certify the separate classification(s) of the claim(s) listed above will not prejudice other unsecured nonpriority creditors pursuant to 11 U.S.C. § 1322.

**VI. EXECUTORY CONTRACTS AND UNEXPIRED LEASES:** Secured claims filed by any creditor/lessor granted stay relief in this section shall not receive a distribution from the Chapter 13 Trustee.

■ NONE

**VII. INCOME TAX RETURNS AND REFUNDS:** ■ NONE

**VIII. NON-STANDARD PLAN PROVISIONS** ☐ NONE

■ Nonstandard provisions must be set forth below. A nonstandard provision is a provision not otherwise included in the Local Form or deviating from it. Nonstandard provisions set out elsewhere in this plan are void.

In the event Debtor recovers any proceeds from a potential lawsuit, any funds received by Debtor shall be paid to the Chapter 13 Trustee to be distributed as additional payment to unsecured creditors, over and above what is currently being paid through the plan, and which may pay up to 100% allowed, unsecured claims in this cause.

For purposes of the plan only, the Debtor and Via Lago Condominium Association, Inc. agree as follows:

Via Lago Condominium Association, Inc. shall have a secured arrears claim against 700 Lake Street, Unit B-1, Boynton Beach, FL for the sum of $60,000.00; and a secured arrears claim against 700 Lake Street, Unit C-3 Boynton Beach, FL for the sum of $60,000.00 (Both units collectively referred to hereafter as the "Property"). The referenced arrearage shall be paid at an interest rate of 5.25% over the remaining term of the plan. Upon completion of the plan payments and issuance of discharge, Via Lago Condominium Association, Inc., shall satisfy and release any of its pre-petition lien(s), judgments, or claims existing against the "Property". Payment of the agreed arrearage by the debtor shall constitute full and final payment of any and all claims for arrearages, assessments, attorneys fees, liens, judgments, costs or other claims which Via Lago Condominium Association, Inc. has against the Debtor which existed pre-petition and through and including the date this modified plan is confirmed.

At its own expense, Via Lago Condominium Association, Inc., shall, within 30 days of confirmation of the 5th modified plan in this case, arrange for professional inspection of the roof(s) and other common areas of the "Property" to determine what, if any, repairs are necessary to stop and abate water intrusion into the "Property". The roofing contractor to be utilized for this purpose shall be agreed upon by counsel for the Debtor and for Via Lago Condominium Association, Inc., respectively. After the determination of any necessary repairs required, Via Lago Condominium Association, Inc., at its own expense, shall arrange to have the necessary repairs completed forthwith, time being of the essence. Via Lago Condominium Association, Inc. shall have no responsibility for repairs and/or remediation necessary to the interior portions of the "Property" due to damage which currently exists. Debtor waives and releases any and all claims she may have against Via Lago Condominium Association, Inc., its officers, board members, employees or agents for any damages done to the interior of 700 Lake Street, C-3 Boynton Beach, Florida and/or 700 Lake Street, B-1, Boynton Beach, Florida prior to the confirmation of the 5th modified plan in this case. This waiver and release applies solely to damage done to the interior of the "Property" prior to the confirmation of the 5th modified plan in this case. No other rights, remedies, or causes of action by the Debtor against Via Lago Condominium Association, Inc., its officers, board members, employees or agents are covered by the waiver and release referred to above, and same are specifically retained by the Debtor. Simultaneous with, or immediately prior to the roof and common areas inspection described above, the parties shall have an inspection of the interior of the "Property" performed by a professional agreed to by the parties to determine all currently existing damage to the "Property", if any.

Tom Waldron, Sr. made a payment in the amount of $1,500.00 to Via Lago Condominium Association, Inc., prior to confirmation of this modified plan. These funds shall be applied to the account of the Debtor, and may result in the Debtor having a credit balance with the Via Lago Condominium Association, Inc. at the conclusion of this plan.

The Debtor and Via Lago Condominium Association, Inc. have discussed issues relating to the seawall abutting the "Property", and no agreement has been reached to resolve any issues or repairs required, and both parties retain all rights, defenses and claims regarding the seawall issues, and/or damages or responsibilities related to same.

Debtor and Via Lago Condominium Association, Inc. understand and agree that future assessments on the units may change. In the event a change occurs, Via Lago Condominium Association, Inc. shall file a Notice of Payment Change in this case and the Debtor shall either modify the plan to account for the increase, pay the difference directly to Via Lago Condominium Association, Inc., or object to the increase, as is appropriate.

☐ Mortgage Modification Mediation

Debtor(s): Catherine E. Grieser    Case number: 15-16810-PGH

**PROPERTY OF THE ESTATE WILL VEST IN THE DEBTOR(S) UPON PLAN CONFIRMATION.**

I declare that the foregoing chapter 13 plan is true and correct under penalty of perjury.

/s/ Catherine E. Grieser    Debtor    January 8, 2017        Joint Debtor
Catherine E. Grieser                  Date                                        Date

Attorney with permission to sign on    Date
Debtor(s)' behalf

**By filing this document, the Attorney for Debtor(s) or Debtor(s), if not represented by counsel, certifies that the wording and order of the provisions in this Chapter 13 plan are identical to those contained in Local Form Chapter 13 Plan and the plan contains no nonstandard provisions other than those set out in paragraph VIII.**